FILED

DEC 1 1 2007

NR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 06 CR 922 |
| v. | ) |
| | ) |
| JOSE PEREZ, a/k/a Bear, | ) Violations: Title 21, |
| GEORGE CHAVEZ, a/k/a Yogi, | ) United States Code, |
| ALEJANDRO PEREZ, a/k/a Hando, | ) Sections 841(a)(1), 843(b), 846 and |
| JULIE CHAVEZ, | ) 853 and Title 18, United State Code, |
| BLANCA SANCEN, | ) Section 2. |
| NIKOLE SAKELLARION, and | ) |
| MOSES ECHEVARRIA, a/k/a Mo | ) **SUPERSEDING INDICTMENT** |
| UBALDO REGALDO-DURAN, a/k/a Baldo | ) |
| JOSE PEREZ, a/k/a Beto | ) |
| VINICIO CAMEY, a/k/a Lucky | ) |
| HECTOR JERRY CRUZ, a/k/a Jerry | ) |
| RAUL VILLACIS, a/k/a Rusky | ) |

JUDGE BUCKLO

MAGISTRATE JUDGE VALDEZ

COUNT ONE

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1.    Beginning not later than in or about early 2003, and continuing to in or

about December 2006, in Cook County, in the Northern District of Illinois, Eastern

Division, and elsewhere,

JOSE PEREZ, a/k/a Bear,
GEORGE CHAVEZ, a/k/a Yogi,
ALEJANDRO PEREZ, a/k/a Hando,
JULIE CHAVEZ,
BLANCA SANCEN,
NIKOLE SAKELLARION,
MOSES ECHEVARRIA, a/k/a Mo,
UBALDO REGALDO-DURAN, a/k/a Baldo,
JOSE PEREZ, a/k/a Beto,
VINICIO CAMEY, a/k/a Lucky,
HECTOR JERRY CRUZ, a/k/a Jerry and
RAUL VILLACIS, a/k/a Rusky,

defendants herein, conspired with each other, and with others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and to distribute a controlled substance, namely, five kilograms or more of mixtures and substances containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, and 50 grams or more of mixtures and substances containing cocaine base in the form of crack cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

2.     It was part of the conspiracy that JOSE PEREZ, a/k/a Bear, and GEORGE CHAVEZ ran a controlled substances distribution operation in the Chicago area and elsewhere. JOSE PEREZ, a/k/a Bear, obtained cocaine from various sources, including UBALDO REGALDO-DURAN and JOSE PEREZ, a/k/a Beto, and regularly supplied multi-kilogram quantities of cocaine to GEORGE CHAVEZ and wholesale and user quantities of cocaine to others.

3.     It was further part of the conspiracy that JOSE PEREZ, a/k/a Bear, fronted the cocaine to GEORGE CHAVEZ, meaning that the cocaine was delivered to CHAVEZ on credit and CHAVEZ paid Bear for the cocaine later, after CHAVEZ resold the cocaine.

4.     It was further part of the conspiracy that, after obtaining cocaine from JOSE PEREZ, a/k/a Bear, GEORGE CHAVEZ distributed wholesale quantities of cocaine to NIKOLE SAKELLARION, HECTOR JERRY CRUZ, VINICIO CAMEY, RAUL VILLACIS, MOSES ECHEVARRIA and others. At various times, GEORGE CHAVEZ also obtained cocaine from defendant MOSES ECHEVARRIA, which cocaine was distributed to others.

2

5.      It was further part of the conspiracy that conspirators stored wholesale quantities of cocaine at various locations, including a garage located near the intersection of Western and Lunt in Chicago and GEORGE CHAVEZ's residence, located on Warren Avenue in Skokie, Illinois.

6.      It was further part of the conspiracy that defendants ALEJANDRO PEREZ, JULIE CHAVEZ, and BLANCA SANCEN, on behalf of JOSE PEREZ, a/k/a Bear, and GEORGE CHAVEZ, transported and delivered cocaine and drug proceeds.

7.      It was further part of the conspiracy that certain co-conspirators used and caused to be used cars with hidden compartments ("traps") to transport cocaine and drug proceeds.

8.      It was further part of the conspiracy that defendant NIKOLE SAKELLARION obtained wholesale quantities of cocaine from JOSE PEREZ, a/k/a Bear, GEORGE CHAVEZ, and JULIE CHAVEZ. SAKELLARION resold this cocaine to her own customers.

9.      It was further part of the conspiracy that defendant HECTOR JERRY CRUZ obtained wholesale quantities of cocaine directly from GEORGE CHAVEZ , as well as indirectly by purchasing the cocaine from other customers of GEORGE CHAVEZ's, including NIKOLE SAKELLARION and VINICIO CAMEY.

10.      It was further part of the conspiracy that HECTOR JERRY CRUZ converted the cocaine he obtained into cocaine base in the form of crack cocaine (hereinafter "crack cocaine"). CRUZ then resold the crack cocaine to his own customers as well as to NIKOLE SAKELLARION, who in turn distributed the crack cocaine to some of her customers.

11.    It was further part of the conspiracy that the defendants and their co-conspirators used cellular telephones to communicate with each other and to facilitate their drug trafficking activities.

12.    It was further part of the conspiracy that the defendants and their co-conspirators, did conceal and hide and cause to be concealed and hidden, the purposes and the acts done in furtherance of the conspiracy, and did use coded language, counter-surveillance and other means to avoid detection and apprehension by law enforcement authorities;

All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## COUNT TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about May 5, 2006, at Chicago, in the Northern District of Illinois, Eastern Division,

### GEORGE CHAVEZ, a/k/a Yogi,

defendant herein, knowingly and intentionally distributed a controlled substance, namely, mixtures and substances containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about May 17, 2006, at Chicago, in the Northern District of Illinois, Eastern Division,

JOSE PEREZ, a/k/a Bear, and
GEORGE CHAVEZ, a/k/a Yogi,

defendants herein, knowingly and intentionally distributed a controlled substance, namely, 500 grams or more of mixtures and substances containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>COUNT FOUR</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about August 4, 2006, at approximately 5:56 p.m. (call 96 on Target Telephone 1), in the Northern District of Illinois, Eastern Division,

HECTOR JERRY CRUZ,

defendant herein, knowingly and intentionally used a communications facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, namely, conspiracy to possess with the intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

<u>COUNT FIVE</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about August 11, 2006, at approximately 6:04 p.m. (call 268 on Target Telephone 1), in the Northern District of Illinois, Eastern Division,

VINICIO CAMEY,

defendant herein, knowingly and intentionally used a communications facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, namely, conspiracy to possess with the intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

<u>COUNT SIX</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 19, 2006, at approximately 3:46 p.m. (call 52 on Target Telephone 3), in the Northern District of Illinois, Eastern Division,

JOSE PEREZ, a/k/a Bear and
UBALDO REGALDO-DURAN, a/k/a Baldo,

defendants herein, knowingly and intentionally used a communications facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, namely, conspiracy to possess with the intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

<u>COUNT SEVEN</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 19, 2006, at approximately 7:56 p.m. (call 81 on

Target Telephone 3), in the Northern District of Illinois, Eastern Division,

JOSE PEREZ, a/k/a Bear and
ALEJANDRO PEREZ, a/k/a Hando,

defendants herein, knowingly and intentionally used a communications facility,

namely a telephone, in committing and in causing and facilitating the commission

of a felony violation of Title 21, United States Code, namely, conspiracy to possess

with the intent to distribute and to distribute a controlled substance, as charged in

Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

## COUNT EIGHT

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 20, 2006, at approximately 2:33 p.m. (call 134 on Target Telephone 3), in the Northern District of Illinois, Eastern Division,

JOSE PEREZ, a/k/a Bear and
BLANCA SANCEN,

defendants herein, knowingly and intentionally used a communications facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, namely, conspiracy to possess with the intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

## COUNT NINE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 20, 2006, at approximately 2:37 p.m. (call 136 on Target Telephone 3), in the Northern District of Illinois, Eastern Division,

JOSE PEREZ, a/k/a Bear and
BLANCA SANCEN,

defendants herein, knowingly and intentionally used a communications facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, namely, conspiracy to possess with the intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

<u>COUNT TEN</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 20, 2006, at approximately 4:29 p.m. (call 149 on

Target Telephone 3), in the Northern District of Illinois, Eastern Division,

JOSE PEREZ, a/k/a Bear and
JOSE PEREZ, a/k/a Beto,

defendants herein, knowingly and intentionally used a communications facility,

namely a telephone, in committing and in causing and facilitating the commission

of a felony violation of Title 21, United States Code, namely, conspiracy to possess

with the intent to distribute and to distribute a controlled substance, as charged in

Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

## COUNT ELEVEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 24, 2006, at Chicago, in the Northern District of Illinois, Eastern Division,

RAUL VILLACIS,

defendant herein, knowingly and intentionally possessed with intent to distribute a controlled substance, namely, a quantity of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

14

COUNT TWELVE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 24, 2006, at approximately 8:22 p.m. (call 661 on

Target Telephone 3), in the Northern District of Illinois, Eastern Division,

JOSE PEREZ, a/k/a Bear and
RAUL VILLACIS, a/k/a Rusty,

defendants herein, knowingly and intentionally used a communications facility,

namely a telephone, in committing and in causing and facilitating the commission

of a felony violation of Title 21, United States Code, namely, conspiracy to possess

with the intent to distribute and to distribute a controlled substance, as charged in

Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

<u>COUNT THIRTEEN</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 25, 2006, at approximately 4:19 p.m. (call 748 on Target Telephone 3), in the Northern District of Illinois, Eastern Division,

JOSE PEREZ, a/k/a Bear and
ALEJANDRO PEREZ, a/k/a Hando,

defendants herein, knowingly and intentionally used a communications facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, namely, conspiracy to possess with the intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

<u>COUNT FOURTEEN</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 25, 2006, at approximately 6:26 p.m. (call 766 on Target Telephone 3), in the Northern District of Illinois, Eastern Division,

JOSE PEREZ, a/k/a Bear and
UBALDO REGALDO-DURAN, a/k/a Baldo,

defendants herein, knowingly and intentionally used a communications facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, namely, conspiracy to possess with the intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

<u>COUNT FIFTEEN</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 26, 2006, at Chicago, in the Northern District of Illinois, Eastern Division,

JOSE PEREZ, a/k/a Bear, and
BLANCA SANCEN,

defendants herein, knowingly and intentionally possessed with intent to distribute a controlled substance, namely, five kilograms or more of mixtures and substances containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance,

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>COUNT SIXTEEN</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about September 26, 2006, at Chicago, in the Northern District of Illinois, Eastern Division,

UBALDO REGALDO-DURAN,

defendant herein, knowingly and intentionally possessed with intent to distribute a controlled substance, namely, five kilograms or more of mixtures and substances containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

19

## COUNT SEVENTEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about November 13, 2006, at approximately 8:52 p.m. (call 2604 on Target Telephone 1), in the Northern District of Illinois, Eastern Division,

### MOSES ECHEVARRIA,

defendant herein, knowingly and intentionally used a communications facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, namely, conspiracy to possess with the intent to distribute and to distribute a controlled substance, as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

<u>COUNT EIGHTEEN</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

On or about November 29, 2006, at Chicago, in the Northern District of Illinois, Eastern Division,

HECTOR JERRY CRUZ,

defendant herein, did knowingly and intentionally distribute a controlled substance, namely, in excess of five grams of mixtures and substances containing cocaine base in the form of crack cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

<u>FORFEITURE ALLEGATION</u>

The SPECIAL AUGUST 2006-1 GRAND JURY further charges that:

1.      The allegations of Counts One through Four are realleged and fully incorporated herein for the purpose of alleging forfeiture to the United States pursuant to Title 21, United States Code, Section 853.

2.      As a result of the violations alleged in Counts One through Twenty-One of the foregoing Indictment,

> JOSE PEREZ, a/k/a Bear,
> GEORGE CHAVEZ, a/k/a Yogi,
> ALEJANDRO PEREZ, a/k/a Hando,
> JULIE CHAVEZ,
> BLANCA SANCEN,
> NIKOLE SAKELLARION, and
> MOSES ECHEVARRIA, a/k/a Mo,
> UBALDO REGALDO-DURAN, a/k/a Baldo,
> JOSE PEREZ, a/k/a Beto,
> VINICIO CAMEY, a/k/a Lucky,
> HECTOR JERRY CRUZ, a/k/a Jerry and
> RAUL VILLACIS, a/k/a Rusky,

defendants herein, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a): (1) any and all right, title, and interest they may have in any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses as charged in this indictment; and (2) any and all right, title, and interest they may have in any property, real and personal, which was used, and intended to be used, in any manner or part, to commit, and to facilitate the commission of the offenses charged in the indictment.

3.      The interests of the defendants, jointly and severally, subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853, include but are not limited to approximately $500,000, and include but are not limited to certain interests in the real property commonly known as 6131 North Claremont, Chicago,

Illinois, and legally described as:

> LOT 31 IN BLOCK 1 IN W.F. KAISER AND COMPANY'S FIFTH ADDITION TO ARCADIA TERRACE, A SUBDIVISION OF THE EAST ½ OF THE SOUTHWEST 1/4 OF THE NORTHWEST 1/4 OF SECTION 6, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Permanent Real Estate Index No. 14-06-113-009-0000.

4.    If any of the property described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendant:

   a.    cannot be located upon the exercise of due diligence;

   b.    has been transferred or sold to, or deposited with, a third person;

   c.    has been placed beyond the jurisdiction of the Court;

   d.    has been substantially diminished in value; or

   e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY