UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

JUL 2 5 2008
JUL 25, 2008
JUDGE ELAINE E. BUCKLO
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 06 CR 922 |
| vs. | ) | Judge Elaine Bucklo |
| | ) | |
| HECTOR "JERRY" CRUZ | ) | |

## PLEA AGREEMENT

1.    This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant HECTOR "JERRY" CRUZ, and his attorney, KENT CARLSON, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A) and Rule 11(c)(1)(B), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.    The superseding indictment in this case charges defendant with conspiracy to possess with intent to distribute and distribute a controlled substance, namely, five kilograms of mixtures containing cocaine, in violation of Title 21, United States Code, Section 846 (Count One); knowingly using a communications facility, namely, a telephone, in committing a felony violation of Title 21, United States Code, in violation of Title 21, United States Code, Section 843(b) (Counts Six, Seven, Eight, Nine, Ten, Twelve, Thirteen, and Fourteen); and knowingly and intentionally possessing with intent to distribute a controlled substance, namely, mixtures containing cocaine, in violation of Title 21, United States Code, Section 841(a)(1) (Counts Three and Fifteen).

3.    Defendant has read the charges against him contained in the superseding indictment, and those charges have been fully explained to him by his attorney.

4.    Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant is Pleading Guilty

5.    By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count One of the superseding indictment. Count One charges defendant with conspiracy to knowingly and intentionally possess with intent to distribute and to distribute controlled substances, namely, five kilograms or more of mixtures and substances containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, and 50 grams of more of mixtures and substances containing cocaine base in the form of "crack cocaine," a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 846.

## Factual Basis

6.    Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the superseding indictment.  In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

Beginning no later than in or around the summer of 2006, and continuing until in or around December 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant HECTOR "JERRY" CRUZ conspired with co-defendants George

Chavez, Vinicio Camey, Nicole Sakellarion, and others known and unknown, knowingly and intentionally to possess with intent to distribute and to distribute controlled substances, namely, five kilograms or more of mixtures and substances containing a detectable amount of cocaine and 50 grams of more of mixtures and substances containing cocaine base in the form of "crack cocaine," in violation of Title 21, United States Code, Section 846.

The defendant began purchasing cocaine from George Chavez in 2001, at which point he sold defendant approximately one ounce at a time. Between 2003 and 2005, George Chavez sold defendant four-and-a-half ounce quantities, typically once a week, for about $2800-$2900. Defendant sometimes cooked this cocaine into crack, and then resold it to others, including Nikole Sakellarion.

In early January 2006, defendant stopped dealing directly with George Chavez on a regular basis. Defendant did, however, continue to obtain cocaine from Chavez through intermediaries, such as Vinicio Camey and Nicole Sakellarion. For example, for about five months in 2006, defendant obtained approximately 9 ounces of cocaine from Camey – who obtained it from Chavez -- on a weekly basis. In addition, in the fall of 2006, Nikole Sakellarion started buying 10 ounces of cocaine from Chavez at a time, one ounce for herself and nine ounces for defendant, for between $5000 and $5200. Chavez distributed approximately ten ounces of cocaine to Nikole Sakellarion about once a week, with the exception of a couple slow weeks, between approximately the fall of 2006 and December 2006. Chavez "fronted" this cocaine to Sakellarion, meaning, she would pay back Chavez

3

for the full amount of cocaine after she and Cruz had sold the cocaine. After Cruz obtained

the cocaine from Sakellarion, he sometimes cooked it into crack and sold it to his customers.

Defendant sold Nikole Sakellarion approximately one ounce or one-half an ounce of

crack cocaine at least twice a month for approximately one year.

In total, the defendant acknowledges that he is responsible for at least approximately

29.5 kilograms of cocaine (the equivalent of 5,900 kilograms of marijuana), and at least

approximately 500 grams of cocaine base (the equivalent of 3,000 kilograms of marijuana)

## Maximum Statutory Penalties

7.      Defendant understands that the charge to which he is pleading guilty carries

the following statutory penalties:

a.      A maximum sentence of life imprisonment, and a statutory mandatory

minimum sentence of 10 years. Pursuant to Title 18, United States Code, Section 3561,

defendant may not be sentenced to a term of probation for this offense. This offense also

carries a maximum fine of $4,000,000. Defendant further understands that the judge also

must impose a term of supervised release of at least five years, and up to any number of

years, including life.

b.      In accord with Title 18, United States Code, Section 3013, defendant

will be assessed $100 on the charge to which he has pled guilty, in addition to any other

penalty imposed.

## Sentencing Guidelines Calculations

4

8.     Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

       a.     **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

       b.     **Offense Level Calculations.**

              i.     The base offense level for the charge in  Count One of the superseding indictment is 34, pursuant to Guideline §2D1.1(a)(3) and 2D1.1(3), because the offense involved at least approximately 29.5 kilograms of cocaine (the equivalent of 5,900 kilograms of marijuana), and at least approximately 500 grams of crack cocaine (the equivalent of 3,000 kilograms of marijuana), which corresponds to a total drug equivalent of 8,900 kilograms of marijuana .

              ii.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to

accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

iii.      In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c.      **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 11 and defendant's criminal history category is V:

i.      On or about August 28, 2002, defendant was convicted of manufacture/delivery of a controlled substance in the Circuit Court of Cook County (case number 2001CR0826701) and sentenced to 4 years' imprisonment. The position of the government is that the defendant receives 3 criminal history points for this conviction pursuant to Guideline Section 4A1.1(a).

6

ii.     Because the defendant committed the instant offense while serving a criminal justice sentence described *supra* in subparagraph (i), the defendant receives 2 additional criminal history points pursuant to Guideline Section 4A1.1(d). Furthermore, because the defendant committed the instant offense less than two years after release from imprisonment for the sentence described *supra* in subparagraph (i), the defendant receives 1 additional criminal history point pursuant to Guideline Section 4A1.1(e)

iii.    On or about August 28, 2002, defendant was also convicted of attempting to flee an officer in the Circuit Court of Cook County (also case number 2001CR0826701) and sentenced to 3 years' imprisonment. Because this sentence and the sentence described *supra* in subparagraph (i) were imposed in the same day and were based on conduct which was not separated by an intervening arrest, no criminal history points are required for this conviction pursuant to Guideline Section 4A1.2(a)(2).

iv.     On or about August 28, 2002, defendant was also convicted of possession of a controlled substance in the Circuit Court of Cook County (in case number 2001CR6804) and sentenced to 1 year's imprisonment. The position of the Government is that the defendant receives 3 criminal history points for this conviction pursuant to Guideline Section 4A1.1(a).

v.      On or about January 28, 2007, defendant was convicted of manufacture/delivery of a controlled substance, namely, 10-15 grams of cocaine in the Circuit Court of Cook County (case number 07CR0482901) and sentenced to 4 years'

7

imprisonment. Because this sentence was for conduct that is part of the instant offense, namely, part of an attempted controlled transaction with co-defendant Nicole Sakellarion in December 2006, no criminal history points are required for this conviction.

vi. On or about January 28, 2007, defendant was convicted of contempt of court in the Circuit Court of Cook County and sentenced to 2 years' imprisonment. The defendant receives 3 criminal history points for this conviction pursuant to Guideline Section 4A1.1(a).

vii. Defendant reserves the right to argue at sentencing that the convictions discussed *supra* in subparagraphs (i)-(iv) involved conduct which is part of the offense of conviction, including relevant conduct, and therefore should not be counted as prior sentences for purposes of defendant's criminal history.

d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 31, which, when combined with the anticipated criminal history category of V, results in an anticipated advisory Sentencing Guidelines range of 168 to 210 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that she is subject to a statutory minimum sentence of 10 years' imprisonment.

e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature and based on facts known to the parties as of the time of this Plea Agreement. Defendant understands that the Probation

8

Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation.    Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

    f.   Defendant understands that with the exception of the Guideline provisions identified above as binding on the parties, the Guideline calculations set forth above are non-binding predictions, upon which neither party is entitled to rely, and are not governed by Fed.R.Crim.P. 11(c)(1)(B).    Errors in applying or interpreting any of the Sentencing Guidelines (other than those identified above as binding) may be corrected by either party prior to sentencing.  The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

  10.  The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

9

11.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above.  Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12.    Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

13.    After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the superseding indictment as to this defendant.

## **Presentence Investigation Report/Post-Sentence Supervision**

14.    Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters.  The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

15.    Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the

Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

16.    For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

## Nature of Plea Agreement

17.    This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 06 CR 922.

18.    This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

19.    Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.    **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.    The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

12

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random.  Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the superseding indictment separately.  The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

13

vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b.    **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

c.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Other Terms

20.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

14

## Conclusion

21.     Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

22.     Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

23.     Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

15

24.    Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

25.    Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.


AGREED THIS DATE: ____7/26/08____


_____
PATRICK J. FITZGERALD
United States Attorney


_____
HECTOR "JERRY" CRUZ
Defendant


_____
STEPHEN KUBIATOWSKI
Assistant U.S. Attorney


_____
KENT CARLSON
Attorney for Defendant


16